NO. 20-3316

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
Appellee,

vs.

TITUS MILLER,
Appellant.

AN APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HONORABLE RICHARD G. KOPF, SENIOR DISTRICT COURT JUDGE,
UNITED STATES DISTRICT COURT

# BRIEF OF APPELLANT

**TITUS MILLER, Appellant,**

**DAVID R. STICKMAN**
**Federal Public Defender**
**District of Nebraska**
222 South 15th Street
Suite 300 North
Omaha, NE
(402) 221-7896

## Summary and Waiver of Oral Argument

Titus Miller appeals the imposition of a $50,000 AVAA assessment and a term of imprisonment totaling 1200 months.

Miller pled guilty to five counts of Production of Child Pornography. The court sentenced him to 240 months on each count to be served consecutively, "whatever the total is", erroneously stating that was the statutory maximum and what the probation office recommended. The court imposed an AVAA assessment under 18 U.S.C. § 2259A, designating that $5,000 be paid to each victim for a total of $50,000, despite there being only five victims. Subsequently, the court revised its order to reflect an amount of $5,000 to be paid to five victims with an additional $25,000 to be paid into the fund.

Miller believes the district court imposed an illegally excessive sentence by not understanding the recommendations, statutory ranges, and total effect of its sentence. The court did not correctly apply the 18 U.S.C. § 3553(a) factors or consider them meaningfully. The court clearly and erroneously thought that the AVAA assessment was mandatory, impermissibly ordered it paid to victims, and did not apply 18 U.S.C. § 3553 or 3572 factors as the statute requires.

Because the issues can be resolved on the basis of the briefs and record alone, Miller does not request oral argument.

i

# Table of Contents

Summary and Waiver of Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Jurisdictional Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issues. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Standards of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    1.    The district court committed procedural error when it included a $25,000 payment to victims in its AVAA assessment sentence. . . . . . 8

    2.    The court did not follow the language of the statute and failed to consider any of the factors the AVAA statute required for determining the proper amount of assessment.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    3.    The court committed procedural error in the manner in which it imposed consecutive sentences. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        a.    The court did not follow the procedure set out in the guidelines to calculate the total punishment before imposing sentence . . 14

        b.    The district court did not know the correct sentencing range at the time of imposition of sentence. The sentence announced did not reflect the intention of the court to follow the recommendation.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    4.    The sentence imposed is substantially unreasonable. . . . . . . . . . . . . . 16

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Appellate Case: 20-3316    Page: 3    Date Filed: 01/11/2021 Entry ID: 4992843

Certificate of Service................................................... 21

Certificate of Compliance............................................... 23

iii

# Table of Authorities

## Cases

*Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, L. Ed. 2d 445 (2007) . . . . . . . . . 8, 13

*United States v. Ayres*, 929 F.3d 581 (8th Cir. 2019). . . . . . . . . . . . . . . . . . . . . . . . . 2, 15

*United States v. Barthman*, __ F.3d __ , 2020 WL 7391900, (8th Cir 2020). . . . . . . . 12

*United States v. Cole*, 657 F.3d 685 (8th Cir. 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Ervasti*, 201 F.3d 1029 (8th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . 2, 14

*United States v. Godfrey*, 863 F.3d 1088 (8th Cir. 2017). . . . . . . . . . . . . . . . . . . . . 14, 15

*United States v. Madrid*, 978 F.3d 201 (5th Cir.2020). . . . . . . . . . . . . . . . . . . . . . . . 2, 9

*United States v. Moody*, 930 F.3d 991 (8th Cir. 2019). . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*United States v. Ricker*, __ F.3d __, 2020 WL 7510128, (8th Cir. 2020). . . . . . . . . . . . 17

*United States v. Robert Hensley*, __F3d___, 2020 U.S. App. LEXIS 39477 (8th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Stephen*, __ F.3d __, 2021 WL 18456 (8th Cir. 2021). . . . . . . . . . . 18, 19

*United States v. Young*, 613 F. 3d 735, 744 (8th Cir. 2010). . . . . . . . . . . . . . . . . . . . . 8

## Statutes

18 U.S.C. § 2251(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 2251(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 2259A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i, 2, 7, 9

Appellate Case: 20-3316    Page: 5    Date Filed: 01/11/2021 Entry ID: 4992843

18 U.S.C. § 2259A(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C.§ 2259A(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

18 U.S.C. § 2259B. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 9

18 U.S.C. § 3014. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 3014(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. §3553. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i, 2, 6, 7, 13, 20

18 U.S.C. §3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i, 8, 11, 13, 15, 17

18 U.S.C. §3553 (a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 3572. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i, 2, 6, 7, 11, 13

18 U.S.C. § 3572(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 3742. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Sentencing Guidelines

U.S.S.G. § 5G1.2 (b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

v

## Jurisdictional Statement

Titus Miller appeals the sentence imposed by the Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, after accepting pleas of guilty and subsequent imposition of sentence. The case number below is 4:19CR03126.

Subject matter jurisdiction over this case is proper pursuant to 18 U.S.C. §§ 2251(a) and 2251(e). The United States Court of Appeals for the Eighth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which provides for jurisdiction over a final order subject to appeal, and 18 U.S.C. § 3742, which provides for review of a federal sentence.

Miller's Judgment was entered on October 19, 2020. He timely filed a notice of appeal on October 28, 2020.

Appellate Case: 20-3316    Page: 7    Date Filed: 01/11/2021 Entry ID: 4992843

<u>Statement of the Issues</u>

1. Whether the court erred in making the AVAA assessment payable to victims in the case.

   18 U.S.C. § 2259A and B

   *United States v. Madrid*, 978 F.3d 201, 206 (5th Cir.2020).

2. Whether the court erred in imposing a maximum assessment due to not understanding the statute and not applying the required factors in determining the amount of assessment.

   18 U.S.C. § 2259A.

   18 U.S.C. §3553 and 3572.

   *United States v. Madrid*, 978 F.3d 201, 206 (5th Cir.2020).

3. Whether the court committed procedural errors in imposing sentence.

   *United States v. Ervasti*, 201 F.3d 1029, 1046-47 (8th Cir. 2000).

4. Whether the sentence imposed is substantially unreasonable.

   *United States v. Ayres*, 929 F.3d 581, 582-83 (8th Cir. 2019).

Appellate Case: 20-3316     Page: 8     Date Filed: 01/11/2021 Entry ID: 4992843

<u>Statement of the Case</u>

Miller pled guilty to five counts of production of child pornography. (DCD 50, Transcript of Change of Plea Proceedings.) The Presentence Report (hereinafter PSR) assessed his offense level as 43 (PSR ¶103) and his criminal history category as zero (PSR ¶ 107).

In August and September of 2019, Miller worked the nighttime shift at the Playful Painter's daycare in Lincoln, Nebraska. In October of 2019, a search warrant executed in Alabama resulted in the subject of the warrant disclosing images and videos of child pornography received from Miller. Agents acting covertly as the subject of the warrant also obtained videos from Miller. After obtaining and executing a search warrant for Miller's property, the investigation showed that Miller recorded child pornography on his smartphone depicting separate victims while working at the day care in August and September of 2019. (PSR ¶ 35-37).

At the sentencing, the court was confused about the maximum and minimum statutory sentencing ranges, incorrectly stating the maximum was twenty years per count (DCD 67 at 3:23-24) and was corrected by the government at that point. Despite this, the court again restated the incorrect statutory sentencing range as twenty years moments later and was corrected again (DCD 67at 5:4-10 ). The court then erroneously stated that the maximum was life with no minimum sentence and

Appellate Case: 20-3316    Page: 9    Date Filed: 01/11/2021 Entry ID: 4992843

got conflicting information from the probation officer at the hearing. (DCD 67at

5:12-22) When the court asked if the government agreed, counsel said "no" and had

to correct the court a third time (DCD 67 at 5:23- 6:23 )

At the point of imposition of sentence, the court did not have a clear picture

of the total sentence it imposed, again misstated the maximum possible sentence,

stated the counts were to be served consecutively while yet stating it was its intention

to follow the probation office's recommendation, which was for partially concurrent

time.

> THE COURT: Count I is 240 months, Count II then is served, 240 months,
> and so forth. In other words, each sentence of 240 months is consecutive, one
> after the other.
> The total is whatever the total is. Am I not being clear?
> MR. STICKMAN: Well, I wanted to be clear that it -- you're imposing a
> sentence of a hundred years on Mr. Miller.
> THE COURT: Whatever the number is. I -- I -- I took the statutory maximum
> for each of the five counts and I made them run consecutive.
> MR. RUSSELL: Your Honor, just to make sure, the statutory maximum is 30
> years --
> THE COURT: Pardon --
> MR. RUSSELL: -- or 360 months.
> THE COURT: -- pardon me. I -- I took 240 months as recommended by the
> probation officer and ran it consecutive for five years [*sic*].

4

(at p.35:9-25).

The probation officer had recommended a sentence of 20 years on Counts I and 20 years on Count II consecutive to Count I and 20 years on Counts III, IV and V to run concurrently. The court expressed much confusion regarding this recommendation. Miller moved to correct the sentence to reflect the comments of the court's intention (DCD 63). The motion was denied (DCD 70).

At the sentencing hearing, the court imposed a special assessment of $500. It declined to impose an assessment pursuant to the JVTA, 18 U.S.C. § 3014. It did so correctly because this assessment only applies to non-indigent persons. The government put forth no evidence towards its burden in the sentencing hearing regarding the named victims or damages and specifically declined any restitution (DCD 67 at p.7 11-13).

The court incorrectly stated that the AVAA assessment is mandatory. It then calculated an amount of $50,000 by indicating that would be $5,000 per victim, which would infer the court thought there were ten victims, which was untrue. Miller was convicted of behavior involving five victims.

> MR. RUSSELL: I read the statute that it has – you have to impose a mandatory AVA [*sic*] sentence -- assessment up to --
> THE COURT: But I'm not --
> MR. RUSSELL: -- $50,000 --

5

THE COURT: Right.

MR. RUSSELL: -- per -- per person.

THE COURT: Right. So the total is mandatory. I could have imposed a lesser sentence, but I chose not to – a lesser assessment, rather. Do you want me to explain my reasoning?

MR. STICKMAN: Well, I think you -- you just did. You said that you think it's mandatory.

THE COURT: Well, the -- an assessment is mandatory. It doesn't have to be 50,000. Theoretically it could be one dollar. Does the government agree with that?

MR. RUSSELL: I agree with that.

THE COURT: I chose the 50 -- I chose a 5,000 per child not so much for this defendant but for other defendants in similar circumstances who are involved in childcare cases.

(DCD 67, .37:1-21). The court did not apply the required analysis pursuant to 18 U.S.C. §3553 or 3572.

Counsel filed a motion requesting clarification of the AVAA assessment and renewing Miller's objection to the assessment, pointing out,

> The Court imposed an AVAA assessment of $50,000. However, the Court indicated that its intention was to impose an AVAA assessment of $5,000 per victim for each of the five victims. The total of the amount of the AVAA assessment should therefore have been $25,000. Regardless of the amount of the AVAA assessment, the Defendant renews his objection to the assessment as the Court found he has no ability to pay such assessment nor will he likely become able to pay such an assessment.

6

(DCD 63).

Counsel's understanding was that the amount ordered was an *assessment* with a calculation based on the number of victims. Yet, in response to the motion, the court indicated that the funds were not to be used as an assessment, but rather as an arbitrary amount to be paid to the victims with the remainder to be an assessment. The ruling stated, "I imposed the $50,000 AVAA (18 U.S.C. § 2259A) assessment intentionally (a) to provide each of the five children with $5,000 each (to the extent possible) and (b) the balance to paid into the fund for the benefit of other children." (DCD 70).

This appeal ensued.

## Summary of Argument

The district court erred when it calculated the AVAA assessment based on its impermissible intent to make that assessment payable to the victims while making mathematical miscalculations and erroneous assumptions about the requirements of the statute.

The district court erred when it did not consider 18 U.S.C. §3553 and 3572 factors in determining the correct amount to consider assessing under the AVAA.

The numerous misstatements of both procedure and facts at sentencing

7

resulted in a sentence that was procedurally unsound, based upon mistake, and, as such, should be reversed.

The sentence imposed of 100 years for a first offense is an effective life sentence and is substantially unreasonable.

## Standards of Review

"[If] we find that significant procedural error occurred, we must reverse unless the error was harmless." *United States v. Moody*, 930 F.3d 991, 993 (8th Cir. 2019). A question of law is reviewed *de novo*. *United States v. Young*, 613 F. 3d 735, 744 (8th Cir. 2010).

This court "must first ensure that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).

"We review a sentence's substantive reasonableness under a "deferential abuse-of-discretion standard." *United States v. Cole*, 657 F.3d 685, 688 (8th Cir. 2011).

## Argument

**1.      The district court committed procedural error when it included a**

8

**$25,000 payment to victims in its AVAA assessment sentence.**

The AVAA is unequivocal that all assessments collected under the act shall be deposited into the Child Pornography Victim's Reserve fund. 18 U.S.C. § 2259B. The Fifth Circuit sets this out clearly that these assessments are not to be paid to victims but are to go into this pool. "Special assessments paid pursuant to Section 2259A do not go to a specific victim, but rather are deposited and pooled in the "Child Pornography Victims Reserve" established in 18 U.S.C. § 2259B. Restitution under 18 U.S.C. § 2259 requires identification of a victim and proof of losses, but a special assessment under 18 U.S.C. § 2259A does not. . . . Because a monetary penalty under the AVAA is separate and distinct from restitution, and a special assessment under 18 U.S.C. § 2259A does not require identification of a victim and proof of losses." *United States v. Madrid*, 978 F.3d 201, 206 (5th Cir.2020).

In this case, the court, in its clarification order after the sentencing, specifically made the calculation that only $25,000 of the ordered assessment was to go to the fund "for the benefit of other children" and that its specific intention was that the other half was to go to the five victims (DCD 70). The part designated for the victims is clearly not a correctly imposed assessment under the act and is contrary to the language of the statute. The $25,000 directed away from the Child Pornography Victim Reserve fund and to private individuals should be stricken as procedurally invalid and clearly erroneous. "[If] we find that significant procedural error occurred,

9

we must reverse unless the error was harmless." *United States v. Moody*, 930 F.3d 991, 993 (8th Cir. 2019).

### 2. The court did not follow the language of the statute and failed to consider any of the factors the AVAA statute required for determining the proper amount of assessment.

There is no minimum or mandatory assessment under the act. The statute dictates that the assessment for a child pornography production case shall be "not more than $50,000 *on any person convicted*". 18 U.S.C. § 2259A(a)(3) (emphasis added). Despite this, the court said at sentencing that "the total is mandatory" (DCD 67, 37:8) but then stated something different a short time later. The statutory assessment does not provide for separate assessments or payments per count or per victim but rather per person convicted.  Contrary to this specific language, the government incorrectly argued that the $50,000 was mandatory as well as arguing for a separate assessment for each victim. (DCD 67, 37:1-7). By calculating an assessment per victim rather than per "person convicted" and then incorrectly totaling them up to $50,000, the court did not follow the edicts of the statute and committed error.

The statute also sets out the correct means of determining the assessment. The rationale referenced by the court did not come close to following those guidelines. At the initial sentencing hearing where the court appeared to miscalculate the number of victims, the court provided its only rationale, saying, "I chose the 50—I chose the

10

5,000 per child not so much for this defendant but for other defendants in similar circumstances who are involved in childcare cases." (DCD 67, 37:19-21). This reasoning, besides being mathematically incorrect since there were not ten victims, specifically repudiated any idea that the amount chosen considered facts unique to Miller or to deter persons from committing crimes in the future, since the court referenced "defendants involved in childcare cases."

The court does not have unfettered discretion and is directed to apply specific factors to determine a just amount. "In determining the amount of the assessment under subsection (a), the court shall consider the factors set forth in sections 3553(a) and 3572." 18 U.S.C. § 2259A(c).

With respect to how these factors should be applied to Miller, it is helpful to consider the court's findings with respect to the JVTA assessment. While that assessment does not apply to indigent defendants and for that reason excluded the defendant, it is also much, much smaller, $5,000 per 18 U.S.C. § 3014(a), than the amount the court ordered under the AVAA. Coming to the right conclusion for the wrong reason, the court made this specific finding with respect to Miller's financial status, saying, "I waive the JVTA assessment because it cannot – because the defendant couldn't possibly pay it and will never be able to pay it." (DCD 67, 34:18-20).

Appellate Case: 20-3316    Page: 17    Date Filed: 01/11/2021 Entry ID: 4992843

If Miller cannot possibly pay $5,000, it stands to reason that he could not possibly pay $50,000. Miller brought these arguments up at sentencing and in his motion for clarification and was rebuffed.

Financially, Miller is destitute. The presentence investigation indicated Miller has no savings and that his family sold his vehicle to put money on his books and a mere $100 of the vehicle sale proceeds remained at the time of the report. He has no assets at all and $3,745.00 of educational debt. (PSR ¶ 140-41). In *United States v. Barthman*, __ F.3d __, 2020 WL 7391900, (8th Cir 2020), this court found it proper to consider educational debt in determining whether a person has resources to pay an assessment in the future. Having been ordered to serve 100 years in prison, Miller will have little to no income potential for the rest of his life.

The court did not consider this and it should have. 18 U.S.C. § 3572 (a), which the AVAA directs the court to reference sets out the ability to pay as its primary consideration:

> In determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, the court shall consider, in addition to the factors set forth in section 3553(a) [18 USCS § 3553(a)]—
> (1) the defendant's income, earning capacity, and financial resources;
> (2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose . . .

12

Miller's complete lack of financial resources is part of the "history and characteristics" unique to him that the court is required to consider under 18 U.S.C. §3553 (a)(1) when determining the propriety of an assessment. Yet, while the court appeared to be aware of Miller's complete lack of any assets or resources with respect to declining to impose the JVTA assessment, the court did not give it any consideration when considering the AVAA assessment even though the statute required the court to do so. The standard of review is well established: this court "must first ensure that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). The assessment is a part of Miller's sentence. The district court imposed the maximum assessment allowed without any consideration of the uncontested fact that Miller is completely impoverished and had a negative net worth, and the district court neither addressed or balanced this fact by considering the factors set out in 18 U.S.C. §3553 and 3572 as required by 18 U.S.C.§ 2259A(c). The court committed procedural error and this assessment should be set aside.

**3.     The court committed procedural error in the manner in which it imposed consecutive sentences.**

13

a.  <u>The court did not follow the procedure set out in the guidelines to calculate the total punishment before imposing sentence</u>

U.S.S.G. § 5G1.2 (b) requires, "[f]or all counts not covered by subsection (a), the court shall determine the total punishment and shall impose that total punishment on each such count, except to the extent otherwise required by law."

It is clear from the record that the court did not follow the procedure set out in this guideline and committed reversible, procedural error. The court did not determine the total punishment before imposing sentence; in fact, the court was unable to verbalize the total sentence, saying, "the total is whatever the total is" (DCD 67, 35:12).

The first step is to determine the total punishment, not the last step, and, "'total punishment' is the precise sentence determined by the sentencing judge from within the appropriate guidelines range." *United States v. Ervasti*, 201 F.3d 1029, 1046-47 (8th Cir. 2000). Figuring out the precise sentence never happened before imposition of sentence because the record is clear that the court was unaware of what the total sentence imposed actually was even at the time of sentencing. "In reviewing [a] sentence for procedural errors, we review a district court's interpretation and application of the guidelines de novo and its factual findings for clear error." *United States v. Godfrey*, 863 F.3d 1088, 1095 (8th Cir. 2017).

b.  <u>The district court did not know the correct sentencing range at the time of imposition of sentence. The sentence announced did not reflect the</u>

14

<u>intention of the court to follow the recommendation.</u>

The district court record, as quoted in the preceding sections, clearly demonstrates that the court did not have a grasp of the correct sentencing range or the effective total sentence of its pronouncements. The court misstated the maximum sentencing range. ""For each count there's a maximum of 240 months per count. . .Counts I through V the maximum is life. . . So I could impose a sentence of zero or one month per count?" DCD 67 , 5:5-21. The court also lamented "[w]ell I still don't understand what you're telling me. . . .What's the minimum?" Id. 6:5-7.

The court voiced no rationale based on 18 U.S.C. §3553 factors at all. "We review a district court's sentence in two steps, first reviewing for significant procedural error, and second, if there is no significant procedural error, we review for substantive reasonableness." *United States v. Ayres*, 929 F.3d 581, 582-83 (8th Cir. 2019). "Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Godfrey*, 863 F.3d 1088, 1094-95 (8th Cir. 2017) (citation omitted).

Multiple procedural errors have been set out in the preceding sections of this brief and the culmination was an effective life sentence for a man with no criminal

15

history. The court repeatedly misstated the maximum sentence in this case and imposed a sentence far exceeding the sentence recommended by the Probation Officer which the court indicating he "took". (DCD 67, 35:23-24.) The court at one point explained its sentence by stating "Whatever the number is. I -- I —I took the statutory maximum for each of the counts and I made them run consecutive." *Id.* 35:16-18. In fact, the court imposed a twenty year sentence on each count to run consecutively. A sentence of 100 years should not stand if the court did not master the import of the actions it was taking. This court should reverse this sentence on account of the many procedural errors committed by the district court.

**4.      The sentence imposed is substantially unreasonable.**

In this case, the government represented that it was aware of 17 total videos (DCD 67, at p.11:9). The behavior constituting the crimes of conviction occurred over a two-month period, August and September of 2019. Miller invested in no equipment; he used nothing more sophisticated than a cell phone carried by almost anyone to record videos. He had no prior criminal record at all. Most importantly, Miller pled guilty so as to spare the victims the trauma of having to appear at a jury trial and relate what occurred in public before a jury to be taken down by a court reporter for posterity. Miller demonstrated genuine remorse and cooperation during the investigation and throughout the court hearing.

Despite being only 27 and having no record, he was given a sentence that

16

effectively puts him away for the rest of his life. The government appeared to argue at sentencing, without any factual support, that day care cases are more harmful than other cases, but Miller submits that the circumstances of this case and a review of the 18 U.S.C. §3553 (a) factors show the record does not bear out this conclusion.

A review of cases reviewed by this court in the last few months demonstrates that this sentence is substantially unreasonable.

Recently in *United States v. Ricker*, Amin Ricker was sentenced to only 600 months in prison. He went to trial, accused of driving from South Dakota to Texas where he gave the children's mother money to watch the door while he sexually assaulted and filmed her two seven-year old daughters. The seven-year-old victims had to testify in front of a jury. He argued that the government did not disprove that the children may have filmed the assaults on their own and put them on his phone. The guideline range established an offense level of 43. He also had a prior conviction for possession and distribution of child pornography. *United States v. Ricker*, __ F.3d __, 2020 WL 7510128, (8th Cir. 2020).

Unlike Miller, Ricker had a prior conviction for child pornography and did not rehabilitate himself, engaged in child prostitution, forced the child to testify before a jury and gas-lighted the child by claiming she produced the pornography herself. He was only sentenced to 600 months, half of what Miller was sentenced to despite his previous child sex offense history, insisting on a trial and lack of remorse. In

17

comparison, Miller's sentence is substantially unreasonable.

Similarly, in *United States v. Robert Hensley*, __F3d___, 2020 U.S. App. LEXIS 39477 (8th Cir. 2020), that defendant was sentenced to a minimum 420 months for attempted enticement of a child to produce pornography and possession of child pornography. He drove to meet a fictitious underage girl who was actually a law enforcement officer and solicited photos. He had a prior child sex crime conviction, took the case through a jury trial, and showed no remorse. Because of his prior conviction, his sentence was the mandatory minimum 420 months with all counts running concurrent.

Again, unlike Miller, Hensley had committed child sex offenses for years, demonstrating an entrenched commitment to this behavior and against rehabilitation. Miller's behavior occurred over two months and at the beginning of his adulthood. That Miller got an effective life sentence when Hensley got the minimum illustrates the substantially unreasonable nature of the sentence imposed.

The government may argue that this case is more similar to the recent case of *United States v. Stephen*, __ F.3d __ , 2021 WL 18456 (8th Cir. 2021), where the defendant was sentenced to 2,160 months in prison and the sentence was upheld on appeal.

Stephen abused more than 400 children for more than two decades as a youth basketball coach. He had multiple recording devices hidden in areas intent on

18

recording intimate moments with children. He had collected and curated files on more than 400 victims. His actions traumatized an entire community. The court found his remorse to concern his own reputation more than the effect of his actions on others. The length of time he committed the offenses, the amount of and expense of the spying and recording equipment, planned trips with minors, the intricate schemes to get access to the children, and that the offenses were ongoing for a majority of Stephen's life supported this sentence.

In comparison, Miller's offenses took place over a few months of his life, and involved only a few victims. Miller had only 17 videos, not 400 files of multiple videos, his crimes were crimes of opportunity using a cell phone, not a lifetime of positioning, acquisition of expensive equipment, curating and planning. This was not a part of a firmly entrenched lifestyle upon which he invested money to embellish and maintain. There is no comparison between the grievousness of the facts of these two cases. The differences in scale and consistent and entrenched depravity over a large period of time in the *Stephens* case shows why the Miller should not also have an effective life sentence.  To impose the same effective life sentence on both shows that this sentence is substantially unreasonable and should be set aside.

The court abused its discretion by escalating this case beyond the bounds of its facts without supporting evidence to do so. If the congress wanted life sentences for day care crimes, it would not have set a 30-year maximum sentence. A policy such as

19

this discourages pleas and makes the system more damaging to victims. It does not support the healing of victims and is harmful.

The ultimate sentence should not be imposed for a first time offense on the facts presented in this case. The unsupported and biased motivation of the court to send a message to theoretical defendants, especially in light of the lack of similar federal cases in Nebraska as claimed by the government, shows the court abused its discretion. The basis for the sentence is not supported by any evidence or public policy or any reliance upon 18 U.S.C. §3553 factors. The sentence imposed is a *de facto* life sentence and should be reversed.

<u>Conclusion</u>

The district court erred both procedurally and substantively in its imposition of both the assessment pursuant to AVAA and the length of imprisonment imposed. For these reasons, the case should be reversed.

TITUS MILLER, Appellant,

By: _s/ David R. Stickman_____
**David R. Stickman**
**Federal Public Defender**
**District of Nebraska**
222 South 15th Street
Suite 300 North
Omaha, NE
(402) 221-7896

20

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
Appellee,

vs.

TITUS MILLER,
Appellant.

## Certificate of Service

David R. Stickman, after being first duly sworn states:

1.    He is the attorney for Appellant herein.

2.    I hereby certify that on January 8, 2021, I electronically submitted for approval the foregoing with the Clerk of the Court for the United States of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished pursuant to Rule 28A(d) of the Local Rules of the United States Court of Appeals for the Eighth Circuit.

21

TITUS MILLER, Appellant,


By: \_\_s/ David R. Stickman_____
**David R. Stickman**
**Federal Public Defender**
**District of Nebraska**
222 South 15th Street
Suite 300 North
Omaha, NE
(402) 221-7896

22

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

UNITED STATES OF AMERICA,
Appellee,

vs.

TITUS MILLER,
Appellant.

**Certificate of Compliance**

David R. Stickman, after being first duly sworn, states:

1.      The electronic version of this brief and the electronic version of the addendum have been scanned for viruses and are virus-free.

2.      Appellant's Brief in this matter is 20 pages in length and contains 5,177 words, excluding the Certificate of Service and Certificate of Compliance, which complies with the page and word limits found at Fed. R. App. P. 32(a)(7)(A) and 32(a)(7)(B).

3.      Appellant's Brief in this matter was prepared using WordPerfect X4, with a 14-pt, proportionally-spaced Garamond font face, in compliance with Fed. R. App. P.

Appellate Case: 20-3316     Page: 29     Date Filed: 01/11/2021 Entry ID: 4992843

32 (a)(5).

TITUS MILLER, Appellant,

By:    s/ David R. Stickman

**David R. Stickman**
**Federal Public Defender**
**District of Nebraska**
222 South 15th Street
Suite 300 North
Omaha, NE
(402) 221-7896

24