IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

Case No.  20-3316
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

vs.

TITUS MILLER

Defendant-Appellant

_____

**BRIEF OF APPELLEE**

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

The Honorable Richard G. Kopf, Senior United States District Court Judge

UNITED STATES OF AMERICA
Plaintiff-Appellee

JAN W. SHARP
Acting United States Attorney
District of Nebraska
        and
STEVEN A. RUSSELL, #16925
Assistant U.S. Attorney
100 Centennial Mall North
487 Federal Building
Lincoln, NE  68508-3865
(402) 437-5241

## SUMMARY AND STATEMENT REGARDING ORAL ARGUMENT

Appellant, Titus Miller, hereinafter "Miller," was convicted of 5 counts of production of child pornography. He was sentenced to 5 consecutive 20 year prison terms followed by a lifetime of supervised release. Miller was also ordered to pay an assessment of $50,000 pursuant to the Amy, Vicki, and Andy Child Pornography Victim Restitution Act of 2018, Title 18, United States Code, Section §2259A, hereinafter "AVAA".

Miller argues that the district court incorrectly imposed the $50,000 assessment under the AVAA. Miller also asserts that the district court did not understand the sentence imposed. Finally he argues the sentence imposed was substantively unreasonable.

The sentence imposed by the district court was correct and substantively reasonable. Moreover, the defendant waived his right to appeal the sentence of the district court by agreeing to the plea agreement which contained an appeal waiver.

Miller has waived oral argument to this Court. The United States concurs that oral argument is not necessary to address the issues submitted in this case. If this Court believes oral argument is necessary, the United States recommends 10 minutes of oral argument.

i

# TABLE OF CONTENTS

SUMMARY AND STATEMENT REGARDING ORAL ARGUMENT ..............i

TABLE OF CONTENTS........................................................................ ii

TABLE OF AUTHORITIES ................................................................ iii

JURISDICTIONAL STATEMENT ......................................................1

STATEMENT OF THE ISSUES...........................................................2

STATEMENT OF THE CASE..............................................................3

SUMMARY OF THE ARGUMENT ...................................................12

ARGUMENT .....................................................................................13

    I.    Miller voluntarily waived his right to appeal his conviction and sentence when he executed the plea agreement ...............................13

    II.    The district court properly ordered Miller to pay a $50,000 assessment pursuant to Title 18, United States Code, Section 2250A. ...............21

    III.    Miller's sentencing was procedurally correct ...................................26

    IV.    The sentence imposed by the district court was substantively reasonable  .........................................................................................29

CONCLUSION ...................................................................................34

CERTIFICATE OF FILING AND SERVICE ......................................35

CERTIFICATION OF VIRUS SCAN .................................................35

CERTIFICATE OF COMPLIANCE....................................................36

ii

# TABLE OF AUTHORITIES

Cases

*Lexecon Inc. v. Milberg, Wiess, Bershad, Hynes & Lerach*, 118 Sup. Ct. (1998)  22

*United States v. Andis*, 333 F. 3d 886 (8th Cir.) ........................................ 14, 17, 19

*United States v. Beasley*, 688 F.3d 523 (8th Cir. 2012) ................................... 29, 32

*United States v. Betcher*, 534 F.3d 820 – 827 (8th Cir. 2008) ................. 29, 30, 32

*United States v. Carder*, 814 Fed. Appx. 162 (8th Cir. 2020) ........................ 18, 20

*United States v. Gatling*, 803 Fed. Appx. 969 (8th Cir. 2020) ............................. 20

*United States v. Madrid*, 978 F.3d 201 (5th Cir. 2020) ............................ 19, 22, 24

*United States v. Marquez*, 941 F. 2d 60 (2nd. Cir 1991) ...................................... 25

*United States v. Moody*, 930 F.3d 991 (8th Cir. 2019) ......................................... 21

*United States v. Sisco*, 576 F.3d 791 (8th Cir. 2009) .................... 14, 17, 18, 19, 30

*United States v. Smith*, 795 F.3d 868 (8th Cir. 2015) ........................................... 28

*United States v. Smith*, 983 F.3d 1006 (8th Cir. 2020) ................................... 21, 26

*United States v. Stephen*, 984 F.3d 625 (8th Cir. 2021) ................................. 31, 33

Statutes

18 U.S.C. § 2250A ......................................................................... 21, 30

18 U.S.C. § 2259 ........................................................................................ 24

18 U.S.C. § 2259A ........................................................... 21, 22, 23, 24, 25

18 U.S.C. § 3014 ........................................................................................ 25

18 U.S.C. § 3553 ........................................................................................28

18 U.S.C. § 3742 ................................................................................. 1, 16

iii

# JURISDICTIONAL STATEMENT

Miller filed a notice of appeal on October 28, 2020, from the judgment and sentence imposed by the Honorable Richard G. Kopf, Senior United States District Judge on October 19, 2020, after accepting pleas of guilty and subsequent imposition of sentence. The case below was filed at 4:19CR3126.

Federal jurisdiction over the subject matter of the case exists pursuant to 18 U.S.C. §§ 2251(a) and 2251(e).

This Court has jurisdiction over Miller's appeal pursuant to 28 U.S.C. § 1291 providing jurisdiction over an appeal from a final order and pursuant to 18 U.S.C. § 3742 providing for review of a federal sentence.

1

# **STATEMENT OF THE ISSUES**

I.    Whether Miller voluntarily waived his right to appeal his conviction and sentence when he executed and agreed to the plea agreement.

*United States v. Andis*, 333 F. 3d 886 (8th Cir.)
*United States v. Sisco*, 576 F.3d 791 (8th Cir. 2009)
*United States v. Carder*, 814 Fed. Appx. 162 (8th Cir. 2020)
*United States v. Gatling*, 803 Fed. Appx. 969 (8th Cir. 2020)

II.   Whether the district court properly ordered Miller to pay a $50,000 assessment pursuant to Title 18, United States Code, Section 2250A.

*United States v. Smith*, 983 F.3d 1006 (8th Cir. 2020)
*United States v. Moody*, 930 F.3d 991 (8th Cir. 2019)
*United States v. Madrid*, 978 F.3d 201 (5th Cir. 2020)
*United States v. Marquez*, 941 F. 2d 60 (2nd. Cir 1991)

III.  Whether the sentencing was procedurally correct.

*United States v. Smith*, 983 F.3d 1006 (8th Cir. 2020)
*United States v. Smith*, 795 F.3d 868 (8th Cir. 2015)

IV.   Whether the sentence imposed by the district court was substantively reasonable.

*United States v. Beasley*, 688 F.3d 523 (8th Cir. 2012)
*United States v. Betcher*, 534 F.3d 820 – 827 (8th Cir. 2008)
*United States v. Stephen*, 984 F.3d 625 (8th Cir. 2021)

2

## STATEMENT OF THE CASE

Titus Miller, hereinafter "Miller," was indicted by the grand jury for the District of Nebraska in a seven count indictment charging five counts of production of child pornography, in violation of Title 18 United States Code, Section 2251(a), and two counts of distribution of child pornography, in violation of Title 18 United States Code, Section 2252A(a)(2). (DOC 13). The charges stem from an investigation that began following the execution of a search warrant in Alabama. The target of the Alabama investigation disclosed that he had been exchanging images and videos of child pornography with an individual, later identified as Miller, via Telegram, an Internet-based messaging application. (PSR, ¶ 35).

A review of the Alabama target's Telegram account revealed that on October 15, 2019, Miller distributed a video of Miller engaging in sexually explicit conduct with a minor male victim less than 10-years-old. That video was later recovered from Miller's phone during the execution of a search warrant at Miller's residence on October 22, 2019. (PSR, ¶ 35). FBI agents had covertly assumed the identity of the Alabama subject and communicated directly with Miller via text messaging. On October 22, 2019, Miller sent the undercover FBI agent four additional videos depicting prepubescent males engaging in sexually explicit

3

conduct. These videos were also recovered from Miller's phone by law enforcement during the search of Miller's residence. (PSR, ¶ 36).

The nature of the crimes charged against Miller can only be described as heinous. Miller worked as a night shift supervisor at Playful Painters Daycare in Lincoln, Nebraska. He produced videos at the day care while he had custody, care, and supervisory control over the minor victims. Miller would move the minors to an area hidden from the daycare's security cameras. Miller would then video graphic sexually activity between him and the respective minor victim, including actual and simulated oral and anal penetration, masturbation, and lascivious exhibition of the genital area. In all, 17 videos were recovered depicting 5 minor victims. (PSR, ¶ 45, Attachment A). The videos were produced using a Samsung Smart phone and SanDisk media storage card. The age of the victims ranged from four to six years old. (PSR, ¶ 37- 42). The presentence report also contained excerpts from chat logs between Miller and the Alabama subject discussing the sexual assault of prepubescent minors by Miller. (PSR, ¶ 46, Attachment B).

In addition to the production of the videos referenced in counts one through five, forensic analysis of the telephone and computer equipment seized at Miller's residence revealed an additional 2932 graphic image files and 566 video files containing child pornography. These included depictions of prepubescent minors engaging in sexually explicit conduct as defined by federal law. (PSR, ¶ 44).

4

On July 15, 2020, Miller appeared before the magistrate judge and entered a plea of guilty to counts one through five of the indictment, each count charging production of child pornography. The parties presented a plea agreement to the court which outlined the agreement between the United States and Miller. (DOC 46). The plea agreement set forth the penalties that could be imposed against Miller, on each count, including a maximum 30 years imprisonment, pursuant to Title 18, United States Code, § 2251, and a maximum special assessment of $50,000, pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, codified in Title 18, United States Code, § 2259A (AVAA). (DOC 46, p. 4 – 6). As part of the plea agreement the defendant "knowingly and expressly waive[d] any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or the Court's entry of judgment against the defendant . . ." (DOC 46, P. 9 – 10).

During the change of plea hearing, the magistrate judge specifically questioned Miller on the waiver of appeal set forth in the plea agreement. The magistrate judge inquired of the defendant:

> THE COURT: Under the terms of this plea agreement
> you're giving up your right to appeal and collateral attack with

5

certain exceptions. I need to make sure you understand what those exceptions mean. You're giving up your right to appeal, which means an opportunity to have anything that's been done by this court reviewed by another court to make sure it was done right. The court that would look at it is the Eighth Circuit Court of Appeals. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you understand that under the terms of this plea agreement you're giving up your right to that appeal process unless you are claiming that you were provided ineffective assistance by your attorney?

THE DEFENDANT: Yes.

THE COURT: Collateral attack is different than an appeal. With a collateral attack you can challenge your conviction and your sentence by claiming your constitutional rights were violated. Do you understand?

THE DEFENDANT: Yes.

THE COURT: Do you understand that under the terms of this plea agreement you're giving up your right to that type of proceeding as well unless you are claiming that your attorney provided you with ineffective assistance or you are claiming that what you're admitting to here today is not a crime?

6

THE DEFENDANT: Yes.

THE COURT: Do you understand all that?

THE DEFENDANT: Yes.

THE COURT: Do you understand that your waiver of appeal and your waiver of collateral attack apply both to your conviction and to the sentence you have not yet received?

THE DEFENDANT: Yes.

THE COURT: Have you talked to Mr. Stickman about your appeal rights and your collateral attack rights?

THE DEFENDANT: Yes.

THE COURT: After having those discussions and considering all of your options, have you decided to give up your right to appeal and to collateral attack with the exceptions listed in this plea agreement?

THE DEFENDANT: Yes.

(DOC 50, P. 17-18)

The magistrate judge issued findings and recommendations that the district court accept the plea of guilty and the plea agreement, finding that the defendant's guilty plea was "knowing, intelligent and voluntary, and that there was a factual basis for the plea." (DOC 47, P. 1). The district court accepted Miller's guilty plea,

finding that "the plea of guilty [was] knowing, intelligent, voluntary, and that there [was] a factual basis for the plea." (DOC 51).

Miller was sentenced on October 15, 2020. The district court initially asked the government to explain the contents of the plea agreement. (DOC 67 page 2-3). The district court specifically asked the government whether the plea agreement contained a waiver of appeal and collateral attack. (DOC 67, P.3). The district court noted that the plea agreement did not contain an agreement as to the length of imprisonment, the period of supervised release, or assessments which may be imposed on Miller. (DOC 67, P.3). Defense counsel was asked whether the government's summary of the plea agreement was correct and answered that it was. (DOC 67, P.3).

The district court initially incorrectly stated that the maximum sentence that could be imposed "was 5 times 240." (DOC 67, P.3). The government corrected the district court and indicated that the "maximum sentence in this case would be 5 times 30 years." (DOC 67, P.4). The district court agreed stating, "pardon me, 5 times 30 years I can run consecutive." (DOC 67, P.4). The district court then asked Miller if he understood the maximum sentence and if he had any questions about the plea agreement. Miller indicated that he understood the maximum sentence and had no questions about the plea agreement. (DOC 67, P.4).

8

The district court next began to recite the various guideline and statutory provisions set forth in the sentencing recommendation filed on October 7, 2020 by the probation office. The statutory provisions were set forth in years while the recommended sentence was set forth in months. The guideline provisions called for a maximum of life imprisonment although not applicable to the specific charges to which Miller pled.  (Sent. Recommendation, P. 1).  The district court correctly set forth the appropriate statutory guideline range sentence with respect to the counts charged. (DOC 67, P.6-7, Sent. Recommendation, P. 1). The district court next dealt with the issue of assessments to be imposed against Miller. The district court noted that the "AVAA assessment is mandatory. The JVTA assessment may be waived if the defendant is indigent." (DOC 67, P.7). The district court then asked counsel "have I accurately stated the correct statutory guideline range – – statutory range – – guideline range and assessment provisions for this case?" (DOC 67, P.7). Counsel for the government and Miller agreed that the district court accurately stated the provisions. (DOC 67, P.7).

The district court engaged in a lengthy colloquy with government and defense counsel during allocution regarding the length of the sentence that should be imposed upon Miller. The district court engaged both attorneys as to the reasonableness of a lengthy sentence. After counsel presented their arguments,

9

Miller was given the chance to speak. (DOC 67, P.33-34). After Miller provided a

statement to the court, the district court imposed the following sentence:

> THE COURT:     To reflect the seriousness of the offense, to
> promote respect for the law, to provide for just punishment, to afford
> deterrence, to protect the public against further offenses of the offender and
> more generally to satisfy the statutory goals of sentence – – sentencing, I
> now impose the following sentence:
>
> For each count, Counts I through V, I impose a sentence of 240
> months to run consecutively. I impose a lifetime of supervision. I do not
> impose a fine because the defendant couldn't pay one. I do require that he
> pay the $500 mandatory special assessment.
>
> I waive the JVTA assessment because it cannot – – because the
> defendant couldn't possibly pay it and will never be able to pay it.
>
> I do impose the AVAA assessment in the total sum of $50,000 to be
> divided equally among the victims of the five counts of conviction.

(DOC 67, P.34).

After imposing sentence, defense counsel questioned the district court on

whether each count was to be served consecutively. (DOC 67, P.35). The district

court answered by stating "Count I is 240 months, Count II then is served, 240

months, and so forth. In other words, each sentence of 240 months is consecutive,

10

one after the other. The total is whatever the total is." (DOC 67, P.35). The district court made clear that it "took 240 months as recommended by the probation office and ran it consecutive for five years [sic]." (DOC 67, P.35).

Miller then questioned the $50,000 assessment pursuant to the AVAA. (DOC 67, P.36). Miller argued that the AVAA assessment should not be imposed since Miller was found to be indigent under the JVTA assessment by the court. The district court indicated that it found the AVAA assessment to be mandatory, although acknowledging that the district court could have imposed an assessment lower than $50,000. (DOC 67, P.36-37). Miller asked for no further elaboration of the reasoning of the district court on this issue. (DOC 67, P.37). The judgment and commitment order correctly details the sentence imposed by the district court. (DOC 61).

On October 21, 2020, Miller filed a motion to correct the sentence. (DOC 63). Miller again argued that the district court meant to impose a sentence significantly different than what the district court stated. (DOC 63, § 1). Miller also argued that the AVAA assessment should have been calculated to be $25,000 rather than the district court ordered $50,000. (DOC 63, § 3). Regardless, Miller argued he should not be assessed the AVAA assessment because of his inability to pay. (DOC 63, § 3). After consulting with counsel by telephone conference, the district court entered an order on November 2, 2020, denying Miller's motion on

11

both counts. (DOC 70). The district court held that the prison term of consecutive sentences for each of the five counts "reflects exactly what I intended." (DOC 70, §1). The district court also denied defendant's motion regarding the AVAA assessment. (DOC 70, §3). The district court stated that it imposed the assessment "intentionally (a) to provide each of the five children with $5000 each (to the extent possible) and (b) the balance to be paid into the fund for the benefit of other children." (DOC 70, §3).

Miller filed his notice of appeal on October 28, 2020.

## SUMMARY OF THE ARGUMENT

Miller voluntarily and intelligently waived his right to appeal when he entered his plea of guilty in this case. That waiver foreclosed the arguments Miller is now asserting to this Court. There is no argument Miller asserts which rises to the level of a miscarriage of justice. The appeal waiver should be enforced by this Court.

Miller's substantive arguments are equally meritless. Although perhaps imperfectly stated, the AVAA assessment was properly imposed on Miller. The district court provided a clear reason for the assessment and considered proper sentencing factors in imposing the assessment. The district court properly considered the § 3553(a) factors in imposing an AVAA assessment in this case.

12

Miller's sentence was procedurally correct and substantively reasonable. Miller deliberately misconstrues early confusion in the penalties with procedural error. This is simply incorrect. The district court correctly provided the statutory penalties and guideline calculation to Miller. Miller's argument should be rejected.

Finally, the sentence imposed by the district court was substantively reasonable. The sentence was within the statutory maximum and guideline range calculation. Miller cannot overcome the presumption of reasonableness in his sentence. Miller sexually abused very young children placed in his care as night manager of a Lincoln daycare and recorded this abuse. The depravity of this conduct increased when Miller shared the images with others who had a similar sexualized interest in young children. The sentence imposed in the case at bar is lower than similar cases affirmed by this Court. Miller's sentence should be affirmed.

## **ARGUMENT**

## I.    **Miller voluntarily waived his right to appeal his conviction and sentence when he executed the plea agreement.**

### A.    **Standard of review**

"When reviewing a purported waiver, [this Court] must confirm that the appeal falls within the scope of the waiver and that both the waiver and the plea agreement were entered into knowingly and voluntarily. Even when those conditions are met, however, we will not enforce a waiver where to do so would

result in a miscarriage of justice." *United States v. Andis*, 333 F. 3d 886, 889-890

(8th Cir.), *cert. denied*, 540 U.S. 997 (2003). "Whether a valid waiver of appellate

rights occurred is a question of law that [this Court] will review de novo." *United*

*States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009).

## B. Argument

Miller's arguments on appeal are foreclosed due to the waiver of appellate

rights knowingly and voluntarily relinquished when Miller agreed to and signed

the plea agreement approved by the district court. For this reason, Miller's appeal

should be dismissed by this Court.

"Plea agreements are essentially contracts between the defendant and the

government." *Andis*, 333 F.3d at 890." "As a general rule, a defendant is allowed

to waive appellate rights. Every circuit that has considered this issue has reached

the conclusion that only some forms of appeal are permissible." *Id*. at 889. "On

numerous occasions, [this Court has] also acknowledged the general permissibility

of including these waivers in plea agreements." *Id*. This Court has ruled that

"[w]hen reviewing a purported waiver, [this Court] must confirm that the appeal

falls within the scope of the waiver and that both the waiver and the plea

agreement were entered into knowingly and voluntarily." *United States v. Sisco*,

567 F.3d at 795. This Court "will not enforce a waiver that results in a ['] 

miscarriage of justice. [']" *Id*. "The burden of proof is on the government to prove

14

that ['] a plea agreement clearly and unambiguously waives a defendant's right to appeal. [']" *Id*. "Any ambiguities in the agreement are construed against the government." *Id*.

The record shows that on July 15, 2020, Miller entered a plea agreement with the United States. (DOC 46). The plea agreement includes the agreement between the parties, the maximum penalties, a factual basis for the conviction offenses and a waiver of Miller's appellate rights, except in limited circumstances. (DOC 46, P. 1-8.). The last paragraph of the plea agreement, on the same page that Miller signed the agreement, states that "[b]y signing this agreement, defendant certifies that the defendant read it (or that it has been read to the defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect." (DOC 46, P. 12).

With respect to the appeal waiver, the plea agreement specifically provided that Miller:

"knowingly and expressly waives any and all rights to the appeal of the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the court's entry of judgment against the

15

defendant, including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a)     As provided in section 1 above, (if this is a conditional guilty plea); and

(b)     A claim of ineffective assistance of counsel.

(DOC 46, P. 9).

At the plea hearing, Miller was questioned about the voluntariness of entering into the plea agreement. Miller was asked whether he read the plea agreement and discussed the plea agreement with counsel. Miller stated that after reviewing the plea agreement he signed it. (DOC 50, P.6 ).  During the plea hearing, the United States summarized the plea agreement between the government and Miller. (DOC 50, P 15 – 16).  The summary contained a reference to the appeal waiver.  Both Miller and defense counsel agreed that the government's summary matched their understanding of the plea agreement. (DOC 50, P. 16).

The magistrate judge specifically addressed Miller's waiver of his appellate rights. Miller was asked whether he understood "that under the terms of this plea agreement you're giving up your right to that appeal process unless you are claiming that you are provided ineffective assistance by your attorney?" (DOC 50, P. 17). Miller was directly asked by the magistrate judge whether he understood "that your waiver of appeal and your waiver of a collateral attack apply both to

16

your conviction and to the sentencing you have not yet received." Miller stated that he understood. (DOC 50, P. 18). Miller was asked whether he had spoken with defense counsel "about your appeal rights and your collateral attack rights?" Miller answered affirmatively that he had spoken with counsel about his appeal rights. (DOC 50, P. 18). The magistrate judge then asked Miller "[a]fter having those discussions and considering all your options, have you decided to give up your right to appeal and to collateral attack with the exceptions listed in this plea agreement?" (DOC 50, P. 18). Miller answered "yes." (DOC 50, P. 18).

Miller knowingly and voluntarily entered into the plea agreement and waived his appeal rights. "A defendant must enter into a plea agreement and waiver knowingly and voluntarily for these agreements to be valid." *Andis*, 333 F.3d at 890. A court "can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily by ['] properly question[ing] a defendant about his or her decision to enter that agreement.[']" *Sisco*, 576 F.3d at 796. In the case at bar, Miller stated in open court that he read the plea agreement, understood its contents, discussed the matter with defense counsel, and agreed to enter into the plea agreement. Miller was asked about the waiver of appeal and stated he voluntarily agreed to waive his appeal rights. The magistrate judge told Miller that "your waiver of appeal and your waiver of collateral attack apply both

to your conviction and to the sentence you have not yet received." (DOC 50, P. 18). Miller stated that he understood. (DOC 50, P. 18).

In approving an appeal waiver in a similar case, this court in *United States v. Carder*, 814 Fed. Appx. 162, 164 (8th Cir. 2020), stated:

> at the change of plea hearing, the district court questioned Carder about entering into a plea agreement, specifically questioning Carder about the paragraph of the plea agreement containing the appeal waiver. The district court ensured that Carder was competent to enter his plea and that he both understood what rights he was giving up and that he was doing so voluntarily. Carder's statements, in the face of this questioning, that he had read and understood his plea agreement, reviewed it with his attorney, was entering into it of his own volition, and that he understood what rights he was relinquishing, satisfy us that he entered into both his plea agreement and the appeal waiver knowingly and voluntarily.

*United States v. Carder*, 814 Fed. Appx. at 164.

Miller's appeal waiver was knowingly, intelligently and voluntarily agreed to by Miller. The appeal waiver should be enforced against Miller by this Court.

The appeal waiver applies to both the term of imprisonment and the AVAA assessment. The term of imprisonment imposed by the district court was well within the statutory maximum for the five counts for which Miller was sentenced. "[A]ny sentence imposed within the statutory range is not subject to appeal." *Sisco*, 576 F.3d at 796. The sentence encompassed in the waiver included the AVAA assessment. Miller was informed in the plea agreement and at the change of plea hearing that the maximum AVAA assessment could be imposed. "By challenging

18

the AVAA special assessment of which he was repeatedly admonished, [Defendant] is attempting to circumvent the waiver-of-appeal provision contained in the negotiated plea." *United States v. Madrid*, 978 F.3d 201, 205 (5th Cir. 2020). Miller's argument should be dismissed.

This Court "will not enforce an ['] otherwise valid waiver if to do so would result in a miscarriage of justice. [']" *Sisco*, 576 F.3d at 796. This Court has held "that a defendant may appeal an illegal sentence despite a valid waiver." *Id*. "[A] sentence is illegal when it is not authorized by law; for example, when the sentence is ['] in excess of a statutory provision or otherwise contrary to the applicable statute.[']" *Andis*, 333 F.3d at 892. However, "the illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception. "Any sentence imposed within the statutory range is not subject to appeal." *Id*. "Any appeal challenging a statutory sentence ['] should be summarily dismissed based on [the] waiver. [']" *Sisco*, 576 F.3d at 796. "[A]n allegation that the sentencing judge misapplied the sentencing guidelines is not subject to appeal in the face of a valid appeal waiver." *Andis*, 333 F.3d at 892.

In the case at bar, enforcement of the appeal waiver does not result in a miscarriage of justice. Miller was sentenced to a term of imprisonment within the statutory maximum. The AVAA assessment of $50,000 was also within the statutory maximum. (DOC 61). How the district court arrived at the amount of the

19

assessment does not rise to the level of a miscarriage of justice. Miller's argument with respect to the assessment is nothing more than an assertion that the district court abused its discretion in awarding an assessment of $50,000. As this Court has previously stated, "an allegation that the sentencing judge misapplied the sentencing guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver." *Carder*, 814 Fed. Appx. at 165.

Miller's argument on the length of his sentence is nothing more than an assertion that the district court abused its discretion. Miller simply does not believe the district court should have sentenced him to 5 consecutive 20 year prison terms for the production of videos of sexual abuse of multiple minor victims entrusted to his care. "However, the sentence imposed by the district court was within the statutory range and [Miller] does not contend otherwise. "[A]n allegation that the sentencing judge … abused his or her discretion ['] does not implicate the "miscarriage of justice" exception. [']" *United States v. Gatling*, 803 Fed. Appx. 969, 972 (8th Cir. 2020). Miller's argument should be rejected.

Miller's arguments on appeal were waived when he agreed to the plea agreement with the United States. The plea agreement and waiver of appeal rights were knowingly, intelligently, and voluntarily entered by Miller. The provisions of the plea agreement foreclose his allegations on appeal. This Court should dismiss summarily Miller's appeal and affirm the sentence of the district court.

II.  **The district court properly ordered Miller to pay a $50,000 assessment pursuant to Title 18 U.S.C. Section 2250A (AVAA).**

A.  **Standard of Review**

"In reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the [G]uidelines de novo." *United States v. Smith*, 983 F.3d 1006, 1008 (8th Cir. 2020).  " 'Procedural error' includes 'failing to calculate (or improperly calculating) the guidelines range, treating the Guidelines as mandatory, failing to consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.'" *Id*., quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009). "[If] we find that significant procedural error occurred, we must reverse unless the error was harmless." *Id*., quoting United *States v. Moody*,  930 F.3d 991, 993 (8th Cir. 2019).

B.  **Argument**

Miller argues that the district court committed procedural error when it imposed a $50,000 special assessment pursuant to 18 U.S.C. § 2259A. Miller further argues that the district court did not follow the language of §2259A in ordering the assessment as part of his sentence.  Miller's arguments are without merit and should be rejected by this Court.

21

In addressing this issue, the United States renews its argument that Miller waived his right to appeal the sentence and judgment, including the assessment under §2259A, by voluntarily and knowingly entering into the plea agreement with an appeal waiver. Therefore, Miller's argument should be foreclosed on that basis.

Should this Court address Miller's argument on the merits, his argument fails. Miller argues, contrary to the statute, that the assessment pursuant to §2259A is not mandatory. This is incorrect. §2259A states in pertinent part that "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by law, the court **shall** assess – – … not more than $50,000 on any person convicted of a child pornography production offense." Title 18, U.S.C. §2259A. [Emphasis added]. The use of the term "shall assess" "normally creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg, Wiess, Bershad, Hynes & Lerach*, 118 Sup. Ct., 956, 962 (1998). "The special assessment at issue in this appeal is required by 18 U.S.C. §2259A …" *United States v. Madrid*, 978 F.3d 201, 206 (5th Cir. 2020). Miller's argument is incorrect.

Miller misconstrues the discussion that occurred during the sentencing hearing as a procedural error. During the sentencing hearing, the district court stated "because this is a production crime, I may impose an assessment of not more than $50,000 and I under – – – well, I need the assistance of counsel the maximum I can impose is 50 – – $50,000 for all the counts. Do you agree." (DOC 67, P8).

22

Initially, the United States indicated that the assessment was per count and not per individual. (DOC 67, P8). Defense counsel stated that the sentencing recommendation of the probation office was correct and that the assessment was not more than $50,000 per person convicted of a production offense. (DOC 67, P8). The United States agreed with defense counsel stating "I think [defense counsel'] correct, Your Honor. We just checked the statute and it is $50,000 for the person." (DOC 67, P. 8 – 9). The district court then noted "which means the maximum is $50,000. Okay." (DOC 67, P. 9). The district court was not confused about the mandatory nature of §2259A or of the maximum that could have been assessed.

The district court also made clear that it understood that it could have imposed a reduced AVAA assessment against Miller. The district court noted "I could have imposed a lesser sentence, but I chose not to – – a lesser assessment, rather." (DOC 67, P. 37).

Miller argues that the district court committed procedural error in stating that the AVAA assessment was to be divided equally among the specific victims of the counts of conviction. As the district court noted in its memorandum and order of November 2, 2020, "I imposed the $50,000 AVAA (18 U.S.C. §2259A) assessment intentionally (a) to provide each of the 5 children with $5000 each (to the extent possible) and (b) the balance to be paid into the fund for the benefit of

23

other children." DOC 70). The use of the term "to the extent possible" referenced that the victim families would have to go through the procedure set forth in the AVAA, including the Child Pornography Victim Reserve, to obtain monetary assistance from the Reserve. *See*, Title 18, United States Code, § 2259(d). The district court's language is not legally incorrect. "A monetary penalty under the AVAA is separate and distinct from restitution, and a special assessment under 18 U.S.C. § 2259 does not require identification of a victim or proof of losses." *Madrid*, 978 F.2d at 205. The district court applied the proper AVAA assessment. That assessment was not above the maximum statutory limit. The district court's sentence was legally accurate and should be upheld.

Miller further argues that the district court committed procedural error in failing to reduce the §2259A assessment due to his inability to pay. Miller argues that the district court should have applied the same reasoning in ordering the AVAA assessment that it did in denying an assessment under Title 18, U.S.C. §3014, known as the Justice for Victims of Trafficking Act of 2015 (JVTA). Miller's arguments are misplaced and should be rejected by this Court.

§2259A(c) states that "[i]n determining the amount of the assessment under subsection (a), the court shall consider the factors set forth in sections 3553 (a) and 3572. Miller concentrates his argument on section 3572. However, there is no evidence on the record that the district court failed to consider Miller's financial

circumstances in ordering the AVAA assessment. It is clear that the district court examined Miller's financial condition in refusing to impose a fine or an assessment under 18 U.S.C. § 3014 (the JVTA). The JVTA specifically states that "the court shall assess an amount of $5000 on any non—indigent person or entity convicted of an offense …" 18 U.S.C. §3014(a). The AVAA has no specific non-indigency requirement. §2259A (c) does not mandate that the district court consider only defendant's financial condition and ability to pay. §2259A(c) "requires the court only to "consider" these factors, and imposes no separate requirement that this consideration be articulated." *United States v. Marquez*, 941 F. 2d 60, 65 (2nd. Cir 1991). Miller's assertion that the district court failed to consider the factors set forth in §2259A(c) is both factually and legally inaccurate. The district court's assessment pursuant to §2259A should be affirmed.

It is also clear that the district court addressed the assessment in its relation to the §3553(a) factors. The court noted that the sentence, including the AVAA assessment, was imposed "[t]o reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, to afford deterrence, to protect the public against further defenses of the offender and were generally to satisfy the statutory goals of sentencing. . ." (DOC 70, page 34). In addressing an argument made by Miller, the district court noted that he chose the assessment "not so much for this defendant but for other defendants in similar such circumstances who are

25

involved in childcare cases." (DOC 67, P. 37). Such a statement refers to the need to "afford adequate deterrence to criminal conduct …" Title 18, U.S.C. §3553(a)(2)(B). The district court can consider under the AVAA other sentencing factors described in § 3553, including the nature and circumstances of Miller's criminal actions, and general and specific deterrence. Here, it is apparent that the district court sought to impose a monetary penalty to punish Miller and hopefully allow the victims to claim monetary assistance from the Reserve Fund. The assessment was within the statutory maximum. At best, any perceived error was harmless. The assessment imposed by the district court should be affirmed.

## III. <u>**Miller's sentencing was procedurally correct**</u>.

## A. **Standard of Review**

"In reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the [G]uidelines de novo." *United States v. Smith*, 983 F.3d 1006, 1008 (8th Cir. 2020). " 'Procedural error' includes 'failing to calculate (or improperly calculating) the guidelines range, treating the Guidelines as mandatory, failing to consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.'" *Id*., quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009). "[If] we find that significant

26

procedural error occurred, we must reverse unless the error was harmless." *Id.*,
quoting United *States v. Moody*,  930 F.3d 991, 993 (8th Cir. 2019).

## B.    Argument

Miller asserts, without specific information, that the district court committed
procedural error in determining Miller's term of imprisonment. This is simply
incorrect. The sentencing recommendation created initial confusion between the
parties and the district court. However, the district court quickly cleared up any
confusion. The district court stated the correct maximum statutory penalties, the
maximum guideline sentence, the fine range and the assessment totals. (DOC 67,
P6 – 7). After stating the maximum penalties, the district court asked "[n]ow
counsel, have I accurately stated the correct statutory guideline range – – statutory
range – – guideline range and assessment provisions for this case?" (DOC 67, P.
7).  Counsel for Miller and the government agreed that the district court accurately
stated the penalties. (DOC 67, P. 7).

Miller does not contend that the district court failed to properly calculate the
sentencing guideline range or used clearly erroneous facts to impose sentence. The
district court's sentence was within both the statutory and guideline maximum.
Although the district court initially said that it "took the statutory maximum for
each of the 5 counts and made them run consecutive," the district court quickly
corrected itself and stated "– – pardon me. I – – took 240 months as recommended

27

by the probation office and ran a consecutive for 5 years [sic]." (DOC 67, P. 35). The district court clearly meant 240 months for each of the 5 counts for which Miller was convicted. Miller asked the district court to reconsider his sentence and the district court declined, noting that the consecutive nature of the sentence was "exactly what I intended." (DOC 70, P.1).

Miller argues that the district court "voiced no rationale based on 18 U.S.C. § 3553 factors at all." (Appellant's Brief at P. 15). This is factually incorrect. The district court cited directly to the § 3553(a) factors in stating that the sentence was imposed "[t]o reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, to afford deterrence, to protect the public against further defenses of the offender and were generally to satisfy the statutory goals of sentencing. . ." (DOC 70, page 34). "A court adequately addresses the factors if it references at least some of the considerations in § 3553(a)." *United States v. Smith*, 795 F.3d 868, 871 (8th Cir. 2015). Miller's mischaracterization of the district court should be rejected.

Miller's final argument is that the district court did not follow the sentencing recommendation. Miller cites no case in which this Court, or any court, has held that failure to follow the sentencing recommendation of the probation office constitutes procedural error. This argument borders on the absurd and should be rejected by this Court. It is the district court and not the Probation Office that is

28

charged with imposing an appropriate sentence. The district court is free to and should reject any inappropriately lenient recommendation by the Probation Office given the nature and circumstances of the case. The district court imposed a correct sentence within the statutory and guideline limits after considering all of the sentencing factors of § 3353(a). There is simply no basis on which this Court can find procedural error by the district court in imposing consecutive sentences in this case.

### IV.    **The sentence imposed the district court was reasonable.**

### A.    **Standard of review**

"[This Court reviews] the district court's sentencing decision under "a deferential abuse-of-discretion standard." *United States v. Beasley*, 688 F.3d 523, 535 (8th Cir. 2012). "A district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) give significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id*., quoting *United States v. Maxwell*, 664 F.3d 240, 245 (8th Cir. 2011). "Because the district court adopted a within – Guidelines sentence, [this Court will] presume the sentence is reasonable, and [Defendant] carries the burden of rebutting this presumption. *Id*. See also, *United States v. Betcher*, 534 F.3d 820, 826 – 827 (8th Cir. 2008), *cert.denied* 555 U.S. 1123 (2009).

29

## B. Argument

The United States reasserts its previous argument that the appeal waiver forecloses any issue with respect to the district court's sentencing of Miller. The sentence imposed by the district court was within the statutory maximum and the advisory guideline range of imprisonment. Miller knowingly and voluntarily waived his right to any argument with respect to the sentence in this case. "[A]ny sentence imposed within the statutory range is not subject to appeal. Any appeal challenging a statutory sentence "should be summarily dismissed based on [the] waiver." *Sisco*, 576 F.3d at 796. Miller's argument should be rejected due to his appeal waiver.

Even if the Court proceeds on this issue, the record is clear that Miller's sentence was reasonable and should be affirmed. At the sentencing hearing, after a spirited colloquy with counsel for Miller and the government, the district court sentenced Miller to 5 consecutive 20-year prison terms, totaling 100 years. The sentence was within the statutory maximum of 30 years for each count pursuant to Title 18 U.S.C. section 2252(a). The sentence of 100 years, or 1200 months, was also within the guideline maximum of life. (Sent. Rec. p. 1). The district court "considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." *Betcher*, 534 F.3d at 827.

30

Miller cites no legal factor which would rebut the presumption of reasonableness or constitute an abuse of discretion. At best, Miller's argument is simply that the district court did not agree with Miller's argument as to the appropriate sentence. Miller's "disagreement with how the District Court weighed the [3553(a)] factors does not demonstrate abuse of discretion." *United States v. Stephen*, 984 F.3d 625, 633 (8th Cir. 2021). "The district court ['] has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others." *Id.* The district court's sentence should be affirmed.

The nature and scope of Miller's criminal conduct can only be described as horrific. Miller used his job as a supervisor at a day care facility to gain access to children for the purpose of producing videos of child pornography. Miller engaged in explicit sexual contact with children between the ages of four and six for the purpose of producing videos that he then distributed to other individuals. In total, 17 videos were produced using 5 separate victims. The harm to the victim's was detailed to the district court in the presentence report and the testimony of witnesses at the sentencing hearing. Miller preyed upon toddlers using his position of trust and supervision to commit sexual assault and production of child pornography. The district court specifically cited the factors set forth in § 3553(a) to justify Miller's sentence. Miller cites no facts which rebut the presumption of reasonableness of the district court's sentence.

31

This Court has affirmed sentences more severe than that imposed against Miller. In *Beasley*, the defendant was convicted of 8 counts of production of child pornography, 2 counts of attempted production of child pornography, and 2 counts of possession of child pornography. Beasley was sentenced to 3480 months in prison with a lifetime of supervised release to follow. In affirming the sentence, this court stated that "[t]he district court was entitled, based on the seriousness of Beasley's crimes, to impose a within guidelines sentence insuring Beasley remains incarcerated for life." *Beasley*, 688 F.3d at 536. In *Betcher*, defendant was convicted of production, receipt, and possession of child pornography. The district court sentenced Betcher to a total of 9000 months (750 years) in prison. This Court affirmed the sentence stating:

> We are mindful that a sentence should be sufficient, but not greater than necessary, to accomplish the goals of sentencing. Betcher's sentence – for practical purposes – is a life sentence, and that is how we view it. The District Court emphasized incapacitation among its various sentencing goals stressed the importance of a life sentence in achieving that result. The absurdity of a 750 year sentence, or even a 10,000 year sentence, should not detract from the gravity of Betcher's crimes.

*Betcher*, 534 F.3d at 827-828.

Finally, this Court has affirmed a sentence of 2160 months imprisonment in *Stephen*. Defendant was convicted of sexually exploiting children in addition to possessing in transporting child pornography. In affirming the district court's sentence, this Court held that [t]he district court "has wide latitude to weigh the §

32

3553(a) factors in each case and assign some factors greater weight than others." *Stephen*, 984 F.3d at 633. This Court found that "[c]onsidering the seriousness of Stephen's offense, the presumption of reasonableness, and the district court's wide latitude to weigh the § 3553(a) factors, we find the district court did not abuse its discretion in imposing Stephen's sentence." *Id*.

In the case at bar, the district court had wide latitude to impose a sentence within the statutory and guideline provisions. Miller sentence was less than the statutory maximum and the guideline maximum. The district court carefully questioned both counsel regarding an appropriate sentence in this case. Although Miller cites to other cases where a lesser sentence has been imposed, that does not address the issue before this Court. This Court need only consider whether the sentence imposed in this case was substantively reasonable given the presumption of reasonableness of a within guideline sentence. Miller can cite no factors which rebut that presumption. The sentence imposed by the district court should be affirmed.

Appellate Case: 20-3316    Page: 37    Date Filed: 03/09/2021 Entry ID: 5012340

## CONCLUSION

For the reasons stated herein, United States respectfully request this Court to affirm the sentence imposed by the district court against Miller.

Respectfully submitted,

UNITED STATES OF AMERICA

JAN W. SHARP
Acting United States Attorney
District of Nebraska

By:     s/ Steven A. Russell
STEVEN A. RUSSELL #16925
Assistant United States Attorney
487 Federal Building
100 Centennial Mall North
Lincoln, NE 68508
(402) 437-5241
Email: steve.russell@usdoj.gov

34

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 9, 2021, the foregoing was electronically filed with the Clerk of the Court for the Eighth Circuit Court of Appeals using the CM/ECF system. A paper copy will be served on participants in this case by U.S. Mail, postage prepaid, within five days of the Court's notice that the brief has been reviewed and filed.

I hereby certify that a copy of the Government's brief was mailed on March _____, 2021, to:

David R. Stickman, Federal Public Defender
222 South 15th Street
Suite 300 North
Omaha, NE

    s/ Steven A. Russell
STEVEN A. RUSSELL #16925
Assistant United States Attorney


## CERTIFICATION OF VIRUS SCAN

Pursuant to Rule 28A(h)(2) of the Eighth Circuit Rules of Appellate Procedure, I hereby certify the full text of the Appellee's Brief has been scanned for viruses using McAfee Endpoint Security, and is virus-free. The brief was created using Microsoft Office 365 Pro Plus.

Dated: March 9, 2021.

    s/ Steven A. Russell
STEVEN A. RUSSELL #16925
Assistant United States Attorney

Appellate Case: 20-3316     Page: 39     Date Filed: 03/09/2021 Entry ID: 5012340

## CERTIFICATION OF COMPLIANCE

This brief complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), and relying on the word processor word count feature, this document contains 7,164 words. This brief was created using Microsoft Office 365 Pro Plus, Times New Roman 14 font.

Dated: March 9, 2021.

   s/ Steven A. Russell
STEVEN A. RUSSELL #16925
Assistant United States Attorney

Appellate Case: 20-3316    Page: 40    Date Filed: 03/09/2021 Entry ID: 5012340