_____

NO. 20-3316
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
Appellee,

vs.

TITUS MILLER,
Appellant.

_____

AN APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HONORABLE RICHARD G. KOPF, SENIOR DISTRICT COURT JUDGE,
UNITED STATES DISTRICT COURT

_____

# REPLY BRIEF OF APPELLANT
_____

TITUS MILLER, Appellant,

**DAVID R. STICKMAN**
**Federal Public Defender**
**District of Nebraska**
222 South 15th Street
Suite 300 North
Omaha, NE
(402) 221-7896

# Table of Contents

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A. The appeal waiver in this case does not bar consideration of the issues raised in this appeal because the sentence imposed was illegal, not authorized by law and so excessive so as to constitute a miscarriage of justice.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B. The government's brief incorrectly describes the assessment imposed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C. The phrase "to the extent possible" included in the order denying the motion to correct does not make the illegal assessment legal.. . . . . . . 4

    D. The word "balance" in the order denying the motion to correct does not make the illegal sentence legal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    E. The government's attempt to argue that the order of payments of the assessment to each victim instead of the Child Pornography Victim's Reserve Fund was merely referencing procedure, not actual payments, incorrectly describes the process and is misleading. . . . . . . . . . . . . . . . 6

    F. The government's brief ignores that the court found Miller was unable to pay and yet imposed the maximum assessment contrary to law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    G. The imposition of a sentence of 100 years imprisonment is a miscarriage of justice and should be reversed.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# Table of Authorities

**Cases**

*DeRoo v. United States*, 223 F.3d 919 (8th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Andis*, 333 F.3d 886 (8th Cir. 2003) (en banc). . . . . . . . . . . . . . . . . . 2, 12

*United States v. Mousseau*, 517 F3d.1044 (8thCir.2008). . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Sisco*, 576 F.3d 791 (8th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statutes**

18 U.S.C. § 3572 (a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

18 U.S.C. §2259A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. §3553. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C. §3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C.§ 2229 (d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C.§ 2259A(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C.§ 2259B. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C.§ 2259B(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C.§ 3572. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# I.

# INTRODUCTION

The issues raised in this appeal are not barred by the appeal waiver because the sentence imposed is illegal and constitutes a miscarriage of justice.

The government's brief misrepresents the nature of the assessment imposed, the procedure for accessing the Child Pornography Victim's Reserve Fund, and makes arguments that, if followed, would establish dangerous precedent.

The assessment imposed is illegal and the length of imprisonment imposed is a miscarriage of justice.

# II.

# ARGUMENT

**A. The appeal waiver in this case does not bar consideration of the issues raised in this appeal because the sentence imposed was illegal, not authorized by law and so excessive so as to constitute a miscarriage of justice.**

The issues raised in this appeal concern both the imposition of an illegal sentence not authorized by law and a substantial miscarriage of justice. Miller's appeal waiver does not impede his right to contest these issues on appeal. The assessment imposed is illegal and the length of imprisonment imposed is a miscarriage of justice.

Appellate Case: 20-3316    Page: 4    Date Filed: 03/26/2021 Entry ID: 5019097

Even after knowingly and voluntarily waiving direct appeal rights, a defendant does not "waive their right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (citing *United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir. 1998)). According to the Eighth Circuit, "[a] sentence is illegal when it is not authorized by law; for example when the sentence is in excess of a statutory provision or otherwise contrary to the applicable statute." *United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003) (en banc).

"As a general rule, a defendant is allowed to waive appellate rights." *Id.* at 889 "When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *Id.* at 889-90. "Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice." *Id.* at 890. It is the government's burden to prove that the plea agreement clearly and unambiguously waives a defendant's right to appeal, and we construe any ambiguities in the agreement against the government. *United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009).

This court has previously reversed in a case when the court exceeded its authority in a complex sentencing case. In *United States v. Mousseau*, 517 F.3d.1044, (8thCir.2008), this court denied a review of the issue of the propriety of denying the defendant an acceptance of responsibility credit based on her valid appeal waiver. However, the appeal waiver did not preclude the court

2

from reviewing the issue of whether or not the district court exceeded its authority to order restitution.

In this case, there is no authority for the assessment imposed, the assessment is illegal, and the appeal waiver does not bar this appeal.

**B. The government's brief incorrectly describes the assessment imposed.**

The government's brief misrepresents the record. It claims the AVAA assessment ordered and presented to the court on appeal consists of $5000 to each victim and the balance to be paid to the Child Pornography Victim's Reserve Fund "to the extent possible", referencing the Amended order. (DCD 70) That conclusion is incorrect.

The AVAA assessment imposed at the sentencing hearing was for 50,000 to be split among the victims, with no mention of the money being paid to the Child Pornography Victim's Reserve Fund (DCD 67, 34:21-24). Miller filed a motion to correct this assessment (DCD 67). With respect to correcting the assessment, the motion was *denied*. (DCD 70.) With that denial, the original order stands.

Thus, the sentence with respect to the AVAA assessment is illegal and should be vacated. It orders payments to individuals and not the Child Pornography Victim's Reserve Fund, contrary to the language of 18 U.S.C.§ 2259B(a). An appeal waiver will not bar an appeal when a sentence is illegal, and this court should consider the issue before it.

3

## C. The phrase "to the extent possible" included in the order denying the motion to correct does not make the illegal assessment legal.

The court's denial of the motion to correct said this: "[p]aragraph 3 of the defendant's motion to correct sentence (Filing 63) is denied. I imposed the $50,000 AVAA (18 U.S.C. §2259A) assessment intentionally (a) to provide each of the 5 children with $5000 each (to the extent possible) and (b) the balance to be paid into the fund for the benefit of other children." (DOC 70).

As discussed above, the government incorrectly argues that the language the court used in *denying the motion to correct* the assessment actually imposed a corrected assessment instead. It argues that the denial rescues the assessment from illegality because it included the phrase "to the extent possible".

The argument in the government's brief is dangerous. Adding the phrase "to the extent possible" to an illegal sentence must not be considered a saving clause, which is what the government is arguing. This court should not allow the government to use an appeal waiver to shield an illegal sentence by arguing the illegality might be cured by some other non-judicial entity at a later time choosing to ignore the illegal part of the order.

This court does not want to establish such a precedent. If a sentence above the statutory maximum is imposed wrongfully, yet includes the phrase "to the extent possible", it must be appealed and reversed, not permitted to continue erroneously hoping that the Bureau of Prisons will ignore a court order and redo the sentence later. If a fine in excess of the maximum is imposed

and a court adds the phrase "if allowed", it must be appealed as an illegal sentence, not left to be disregarded by some other non-judicial arbiter of what is and is not allowed.

An assessment is a penalty and as such can only be imposed by a court, and errors must be appealed; it cannot be ascertained later by some executive actor with an eraser.

D. **The word "balance" in the order denying the motion to correct does not make the illegal sentence legal.**

The math used to describe the court's "intention" does not add up to the assessment it imposed, which was $50,000 divided by five victims at the time of sentencing. The court wrote in its *denial* of the motion to correct it intended $25,000 to go to the victims with the balance going to the Child Pornography Victim's Reserve Fund when it clearly said at sentencing that $50,000 will go to the victims. This is another critical example of the court's confusion which resulted in an illegal sentence and a miscarriage of justice.

Still, the government argues that the intention of the court mentioned in its *denial* of the motion to correct instead actually corrected the language at sentencing, yet also argues that the intention of the court should be ignored and that the entire amount of the assessment should be considered "the balance".

Black's Law Dictionary describes the word "balance" to mean the difference in amount between two sides, in the sense of residue or remainder. It does not imply the whole.

Considering for a moment the language in the order denying the motion to correct, the balance that would remain after sending $5000 to each victim is $25,000, not $50,000. The court implied in its denial of the motion to correct that it intended to (impermissibly) split the assessment between private individuals and the Child Pornography Victim's Reserve Fund, with only the balance, which would be $25,000, going to the fund. The assessment imposed is illegal.

E. **The government's attempt to argue that the order of payments of the assessment to each victim instead of the Child Pornography Victim's Reserve Fund was merely referencing procedure, not actual payments, incorrectly describes the process and is misleading.**

The argument that the $5000 to each victim referenced only the procedure to retrieve reserve funds and not actual payment of those funds to the victims is a misdirect and incorrectly describes the steps for victim remuneration from the Child Pornography Victim's Reserve Fund. Claimants receive funds independent from the assessments imposed in their cases.

Under the restitution statute, 18 U.S.C.§ 2229 (d), a victim may elect to receive defined amount of monetary assistance in lieu of restitution. The procedure set out in that section is that the court has to 1) find the claimant is a qualifying victim, 2) find the claimant has made the election to receive the defined amount, and 3) the court must order the Child Pornography Victim's Reserve Fund to disperse payments, the amount of which starts, not at the $5,000 or $10,000 inferred by the court in its two orders, but instead at $35,000 adjusted for inflation. The

request for payment through the Fund can only be made once by a claimant and if a claimant makes a request for restitution in a later case, the amount received from the Fund previously shall be deducted from any order. Restitution collected in a greater than the amount allowable from the Reserve Fund makes a claimant ineligible.

Assessments ordered to be paid into the Child Pornography Victim's Reserve Fund are completely independent of any order of restitution. The fact that a victim elected to receive restitution instead of accessing the Child Pornography Victim's Reserve Fund does not exclude a defendant from being ordered to pay an assessment into the Fund. "Any person" convicted of a crime listed under the act can be ordered the pay an assessment. The assessment is "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by law . . ." 18 U.S.C.§ 2259A(a).

The monies paid into the Fund are fungible for the purposes of providing a source for the claims of those claimants who a court has found to make a qualifying election, independent of the damages sought in an individual case. 18 U.S.C.§ 2259B. The procedure for allowing the claim to be paid from reserve fund from the has nothing to do with the ordering a defendant to contribute to the Reserve Fund, nor can the court direct the assessment funds to be paid to a certain individual.

The court must make specific findings about claimant qualifications as part of the procedure. In this case, no evidence of restitution or of any election to seek money from the

7

Appellate Case: 20-3316     Page: 10     Date Filed: 03/26/2021 Entry ID: 5019097

Reserve Fund was presented to the court and no evidentiary findings mentioning restitution were made.

By arguing that the court was only describing the procedure for the victims to access Child Pornography Victim's Reserve Funds is a smokescreen. The procedure for making a claim was not attempted in this case. The amounts of money referenced have nothing to do with the amounts a claimant can collect. The imposition of an assessment has nothing to do with the procedure providing victims specific with this case funds. This argument must fail.

The court ordered the assessment and further ordered the money to go to the victims. The assessment imposed was illegal and an illegal sentence should be overturned, even when there is an appeal waiver.

F. **The government's brief ignores that the court found Miller was unable to pay and yet imposed the maximum assessment contrary to law.**

In its brief, the government faults counsel for only focusing on the court's failure to address the 18 U.S.C.§ 3572 factors and not the 18 U.S.C. §3553(a) factors, while conceding that the court is required to consider the defendant's ability to pay. Yet the government does the very thing it accuses Miller of in that completely omits any reference in the record or any argument in its brief in support of its case that 3572 factors were found in favor of the maximum assessment.

8

18 U.S.C. § 3572 (a), which the AVAA directs the court to reference sets out the ability to pay as its primary consideration:

In determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, the court shall consider, in addition to the factors set forth in section 3553(a) [18 USCS § 3553(a)]—

(1) the defendant's income, earning capacity, and financial resources;
(2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose . . .

The court did not consider these factors in imposing the assessment and it was required to do so. The government points to the recitation of the 18 U.S.C. §3553 factors as being sufficient. Yet its complete omission of addressing the courts failure to address the 3572 issues confesses error.

The court refused to impose the JVTA assessment "because the defendant couldn't possibly pay it and will never be able to pay it." With respect to fines, the court stated, "I do not impose a fine because the defendant couldn't pay one." These are the only findings made about Miller's income, earning capacity, and ability to pay. They do not support a maximum assessment, in fact, if the court followed its own findings, they support the opposite. The assessment is illegal

9

in amount because the court did not follow the law directing it to consider ability to pay and the assessment should be overturned. To allow the maximum assessment for an individual found completely unable to pay is contrary to the intention of the law, is unfair, and constitutes a miscarriage of justice.

### G. The imposition of a sentence of 100 years imprisonment is a miscarriage of justice and should be reversed.

On page 20 of its brief, the government incorrectly claims that the arguments regarding the excessive sentence imposed are "nothing more than an assertion that the district court abused its discretion."

Miller raised many arguments showing the confusion of the court in regard to the assessment, the range of penalties, the fact that the court indicated it was going to follow the probation office's recommendation for twenty years total while imposing five times that amount, and that the court was unable to follow the procedure in the guidelines with respect to imposing a sentence correctly. When a court demonstrates repeatedly that it cannot apply the law correctly, is unaware of the range of penalties, states its intention to follow a recommendation yet misapplies that recommendation all to the effect that a sentence of 100 years was imposed on a person with no criminal history, that argument does not simply raise abuse of discretion.

When a person enters a plea, they are entitled to have sentence imposed based on thorough, effective, thoughtful, and correct analysis. When looking at the record as a whole, the

court's reasoning was flawed in many ways which coalesced in the imposition of an outrageous sentence.

Miller requests that this court read the sentencing record as a whole and see that the court was confused as to the recommendation, the range of penalties, misstated its sentence, did not follow procedure, and committed a grave error in imposing a 100 year sentence. A grievous mistake was made involving layers of confusion on behalf of a sentencing court. Miller is not arguing difference of opinion regarding discretion; he is arguing a miscarriage of justice occurred in his sentencing that only an appellate court can correct.

The court should not enforce an appeal waiver when to do so would further a miscarriage of justice. *United States v. Andis*, *supra*. Miller was denied a fair, considered, and accurate sentencing and the court's confusion denied him a just result. The appeal of his sentence is not barred by his appeal waiver and his sentence should be reversed.

III.

CONCLUSION

The issues raised by Miller are not barred by his appeal waiver. The government's brief misstates the record and presents arguments not supported by law or fact.

The assessment imposed was illegal and the sentence imposed constitutes a miscarriage of justice.

11

TITUS MILLER, Appellant,

By: s/ David R. Stickman
DAVID R. STICKMAN
Federal Public Defender
District of Nebraska
222 South 15th Street
Suite 300 North
Omaha, NE
(402) 221-7896

12

_____

NO. 20-3316
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
Appellee,

vs.

TITUS MILLER,
Appellant.
_____

Certificate of Service
_____

David R. Stickman, after being first duly sworn states:

1. He is the attorney for Appellant herein.

2. I hereby certify that on March 26, 2021, I electronically submitted for approval the foregoing with the Clerk of the Court for the United States of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished pursuant to Rule 28A(d) of the Local Rules of the United States Court of Appeals for the Eighth Circuit.

13

TITUS MILLER, Appellant,

By: s/ David R. Stickman
DAVID R. STICKMAN
Federal Public Defender
District of Nebraska
222 South 15th Street
Suite 300 North
Omaha, NE
(402) 221-7896

14

_____

NO. 20-3316
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
Appellee,

vs.

TITUS MILLER,
Appellant.
_____

Certificate of Compliance
_____

David Stickman, after being first duly sworn, states:

1.  The electronic version of this brief and the electronic version of the addendum have been scanned for viruses and are virus-free.

2.  Appellant's Reply Brief in this matter is 12 pages in length and contains 3,043 words, excluding the Certificate of Service and Certificate of Compliance, which complies with the page and word limits found at Fed. R. App. P. 32(a)(7)(A) and 32(a)(7)(B).

3.  Appellant's Reply Brief in this matter was prepared using WordPerfect X4, with a 14-pt, proportionally-spaced Garamond font face, in compliance with Fed. R.

App. P. 32 (a)(5).

                    TITUS MILLER, Appellant,

                    By:   s/ David R. Stickman
                    DAVID R. STICKMAN
                    Federal Public Defender
                    District of Nebraska
                    222 South 15th Street
                    Suite 300 North
                    Omaha, NE
                    (402) 221-7896